Last revised 9/1/10

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ
2017 JUL 13 A 10:48
[signature] A. KNIGHT
BY: [signature]
DEPUTY CLERK

In Re: WALTERS, DOUGLAS L

Case No.: __15-30707 KCF__

Judge: __FERGUSON__

Chapter: __13__

Debtor(s)

## Chapter 13 Plan and Motions

- ☐ Original
- ☑ Motions Included
- ☑ Modified/Notice Required
- ☐ Modified/No Notice Required
- ☑ Discharge Sought
- ☐ No Discharge Sought

Date: 07/13/2017

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. It contains an important supplement to Part 4 regarding secured claims. The supplement sets out filing requirements for proofs of claim for secured claims, and requirements regarding claims secured by a security interest in the debtor's principal residence, including notice of payment changes and notice of fees, expenses and charges incurred in connection with the claim after the bankruptcy case was filed. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

| Part 1: Payment and Length of Plan |
|---|
| a. The debtor shall pay $ __4,400__ per __MONTHLY__ to the Chapter 13 Trustee, starting on __7-1-2017__ for approximately __41__ months. |
| b. The debtor shall make plan payments to the Trustee from the following sources:<br>☑ Future earnings<br>☑ Other sources of funding (describe source, amount and date when funds are available):<br>1 PAYMENT, APROX. $45,000 PAID JUNE 1, 2020 FROM FIDELITY 401 K FUNDS TO SECURED ONLY |

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:

Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:

Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| ROBERT NISENSON | ATTORNEY | $3,000.00 |

| Part 4: | Secured Claims |
|---|---|

> Please see the Supplement to this section containing information regarding secured claims. It is located at the end of the Plan.

### a. Curing Default and Maintaining Payments

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| CALIBER/ CONSENT/9-28-16 | PRIMARY/2 TRESTLE WAY NJ | $153,364.00 | | $153,364.00 | $2,400.00 |
| DITECH/cram-20 16 | 810 DAYTON NJ | $35,000.00 | 5% | 45,387.60 | 0 |
| CALIBER/cram2016 | 319 BRINTON NJ | 35,000.00 | 5% | 39,629.40 | 0 |

### b. Modification

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

> NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| CALIBER/consent 9/28/2016 | 2 trestle way | 153,364.00 | 153,364.00 | | | | 153,364.00 |
| DITECH/consent 08/2016 | 810 Dayton | $40,085.33 | $35,000.00 | | | 5% | $45,387.60 |
| CALIBER/consent 09/2016 | 319 Brinton | $39,629.40 | $35,000.00 | | | 5% | $39,629.40 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

3

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

us bank/nationstar
618 indiana avenue
Trenton nj    -new mortage per consent

### e. Secured Claims to be Paid in Full Through the Plan:

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

❏ Not less than $ _____ to be distributed *pro rata*

❏ Not less than _____ percent

☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

| Part 6: | Executory Contracts and Unexpired Leases | |
|---|---|---|
| All executory contracts and unexpired leases are rejected, except the following, which are assumed: | | |
| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|  |  |  |

**Part 7:   Motions**

NOTE: All plans containing motions must be served on all potentially affected creditors, together with a Chapter 13 Plan Transmittal Letter, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Proof of Service must be filed with the Clerk of Court when the Plan and Transmittal Letter are served.

Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan serves as opposition to the motion, and serves as an objection to confirmation. The   proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a). The creditor shall file a proof of service prior to the scheduled confirmation hearing. In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion. Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| DITECH/GREENTREE CONSENT-8-20-16 | 810 DAYTON ST | MTG-CRAM CONSENT | $100,336.00 | $35,000.00 |  |  | $60,250.67 |
| US BANK/CALIBER CONSENT-9-20-2016 | 319 BRINTON NJ | MTG-CRAM CONSENT | $109,516.00 | $35,000.00 |  |  | $66,000.00 |

b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| us bank/nationstar<br>618 indiana ave<br>trenton nj | 56,750 | 59,617.19<br>new m ortage | 82,568.52 |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☑ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Trustee commissions
2) secured
3) priority
4) unsecured

**d. Post-Petition Claims**

The Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| Part 9: | Modification |
|---|---|

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: __08/01/2016__

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| LOAN MOD DENIED- CONSENT ORDER/2016 (PRIMARY 2 TRESTLE WAY DAYTON NJ 08810) ADDED TO REPAYMENT INSIDE PLAN<br>REMOVING US BANK/NATIONSTAR FROM INSIDE PLAN PAYMENTS PER CONSENT 9/28/2016 NEW MORTGAGE TO BE PAID OUTSIDE PLAN 30 YEARS @ 5%<br>REMOVE CREDITOR-TRENTON NO PROOF OF CLAIM | 41 PAYMENTS X $4,400.00 (FUTURE EARNINGS)<br>01 PAYMENT  X( APROXIMATELY ) $45,000.00 JUNE, 2020 (401K FUNDS) TO CURE PLAN ARREARAGES TO SECURED ONLY<br>BEGIN JULY 1-2017 |

Are Schedules I and J being filed simultaneously with this Modified Plan?    Yes    ☑ No

| Part 10: | Sign Here |
|---|---|

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date: _____        PRO -SE_____
                                                                                          Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date: __7/13/2017__                                                        _[signature]_
                                                                                          Debtor

Date: _____        _____
                                                                                          Joint Debtor

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>DOUGLAS L WALTERS<br>2 TRESTLE WAY<br>DAYTON NJ 08810<br>609-731-4579 | Case No.: 15-30707<br>Chapter: 13 |
| In Re:<br><br>WALTERS, DOUGLAS L PRO SE | Adv. No.: _____<br>Hearing Date: 08/09/2017<br>Judge: FERGUSON |

## CERTIFICATION OF SERVICE

1. I, ___DOUGLAS WALTERS___ :

   ☐ represent _____ in this matter.

   ☐ am the secretary/paralegal for _____, who represents _____ in this matter.

   ☒ am the ___DEBTOR___ in this case and am representing myself.

2. On _____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: 07-03-2017 _____
                          Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| NISENSON<br>10 Auer court<br>East Brunswick NJ 08816 | Debtor/attorney | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Schachter<br>3490 us route. 1<br>Princeton NJ 08540 | Creditor attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☑ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| CAPITAL ONE<br>PO.BOX 71083<br>CHAROTTE NC. 28272 | CREDITOR | ☐ Hand-delivered<br>☐ Regular mail<br>☑ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| CREDIT ONE<br>P.O. BOX 98872<br>LAS VEGAS NV. 89139 | CREDITOR | ☐ Hand-delivered<br>☐ Regular mail<br>☑ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| CALIBER<br>P.O.BOX 24610<br>OKLAHOMA CITY OK 73124 | CREDITOR | ☐ Hand-delivered<br>☐ Regular mail<br>☑ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| DITECH<br>PO BOX 5164<br>RAPID CITY SD. 57709 | CREDITOR | ☐ Hand-delivered<br>☐ Regular mail<br>☒ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| NATIONSTAR<br>FKA SCENICA<br>8950 CYPRESS WATER<br>COPPELL TX. 75019 | CREDITOR | ☐ Hand-delivered<br>☐ Regular mail<br>☒ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| TRENTON<br>PO BOX 210<br>TRENTON NJ 08638 | CREDITOR | ☐ Hand-delivered<br>☐ Regular mail<br>☒ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| PHELAN<br>400 FELLOWSHIP<br>SUITE 100<br>MT. LAUREL NJ 08054 | ATTORNEY/CREDITOR | ☐ Hand-delivered<br>☐ Regular mail<br>☒ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| LAUREN LUPICA<br>5 SCENIC DRIVE<br>DAYTON NJ 08810 | CHILD SUPPORT | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

rev.8/1/16

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
*[Enter your name, address and telephone number]*

DOUGLAS, L WALTERS
J TRESTLE WAY
DAYTON. N.J. 08810
609-731-4579 cell

In Re:
*[Enter the debtor's name(s)]*

WALTERS, DOUGLAS, L
Pr-se

Case No.:  15-30707
*[Enter the case number]*

Chapter:  13
*[Enter the chapter; example: 13]*

Hearing Date:  8-9-2017
*[Enter the hearing date]*

Judge:  KCF
*[Enter the Judge's last name]*

## STATEMENT AS TO WHY NO BRIEF IS NECESSARY

In accordance with D.N.J. LBR 9013-1(a)(3), it is respectfully submitted that no brief is necessary in the Court's consideration of this motion, as it does not involve complex issues of law.

Date:  7-13-2017
*[Enter the date this document is signed]*

Debtor's Signature

Date:  _____
*[Enter the date this document is signed]*

Joint Debtor's Signature, if any