UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

WALTERS, DOUGLAS L

2 TRESTLE WAY

DAYTON NJ 08810

609-731-4579

debtor

In Re:
WALTERS, DOUGLAS L pro-se

Case No.: 15-30707

Judge: FERGUSON

Chapter: 13

## CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following **(choose one)**:

1. ☒ Motion for Relief from the Automatic Stay filed by Stern Eisenberg/US NATIONAL, creditor,

   A hearing has been scheduled for Feburary 13,2019, at 9:00 am.

   ☐ Motion to Dismiss filed by the Chapter 13 Trustee.

   A hearing has been scheduled for _____, at _____.

   ☐ Certification of Default filed by _____,

   I am requesting a hearing be scheduled on this matter.

2. I oppose the above matter for the following reasons **(choose one)**:

   ☑ Payments have been made in the amount of $ 12,333.17, but have not been accounted for. Documentation in support is attached.

☐ Payments have not been made for the following reasons and debtor proposes repayment as follows **(explain your answer)**:

☒ Other **(explain your answer)**:
CONSENT ORDER DOC#79, DOC# 86, DOC#128 PROVIDED FOR PAYMENTS OUTSIDE THE PLAN, CREDITOR WAS PAID IN ERROR $12,323.17 . CREDITOR REFUSES TO ESTABLISH A NEW MORTGAGE AS PROVIDED IN CONSENT, APPLY PAYMENTS , SEND MORTGAGE COUPONS AS STATED IN PLAN/STIPULATION AGREEMENT

3. This certification is being made in an effort to resolve the issues raised in the certification of default or motion.

4. I certify under penalty of perjury that the above is true.

Date: 1-14-2019

Debtor's Signature

Date: _____

Debtor's Signature

**NOTES:**

1. Under D.N.J. LBR 4001-1(b)(1), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to Dismiss.

2. Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of Default.

*rev.8/1/15*

**NJID 769252**
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF OWS REMIC TRUST 2015-1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE:
    DOUGLAS L. WALTERS

    Debtor

CASE NO. 15-30707 - KCF

CHAPTER 13

CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION

HEARING DATE: 09/28/2016

This Consent Order pertains to the property located at 618 INDIANA AVENUE, TRENTON, NJ 08638-3822, mortgage account ending with "3612";

THIS MATTER having been brought before the Court by, ROBERT C NISENSON, Esquire attorney for debtor, DOUGLAS L. WALTERS upon the filing of a Chapter 13 Plan, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF OWS REMIC TRUST 2015-1 (Hereinafter known as: US Bank NA) by and through its attorneys, Phelan Hallinan Diamond & Jones, PC having filed an Objection to the Confirmation of said Chapter 13 Plan and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for other and good cause shown:

1. US Bank NA filed a valid secured proof of claim (Claim #6-1) on May 12, 2015, with pre-petition arrears of $60,380.89 and a total debt of $142,185.70.

2. US Bank NA, filed an objection to the Debtor's proposed Chapter 13 bankruptcy plan because it sought to cram down US Bank NA secured lien to $35,000 with an annual interest rate of 4.00%.

3.  US Bank NA and the Debtor have agreed to the following financial terms:

   a.  A cram down value of US Bank NA's secured lien to $56,750.00;

   b.  The Parties agree that since the filing of the current bankruptcy case the Secured Creditor has disbursed $2,867.19 in escrow;

   c.  The Parties agree that the Escrow Advances listed above will be capitalized into the agreed fair market value to create a new loan with a new Principal balance of $59,617.19.

   d.  The Parties agree that the Secured Creditor will have a secured claim in the amount of $59,617.19 and an unsecured claim of $82,568.51418.

   e.  The Interest Rate shall be 5.0%.

   f.  Debtors agree to pay the secured claim amount of $59,617.19 at 5.0% fixed interest rate amortized over 30 years with payments calculated at a 360 month amortization schedule, with all remaining amounts due upon the maturity date 10/1/2046.

   g.  The new Principal and Interest payment shall be $ 320.04 with payments commencing on November 1, 2016.

   h.  The loan shall remain an escrow account. Monthly taxes and insurance shall be escrowed by the Secured Creditor and included in the monthly mortgage payment.

   i.  The Parties agree that the new monthly mortgage payment shall be calculated by the Secured Creditor and an Escrow Analysis shall be sent to the debtor after the Chapter 13 Plan is confirmed and the terms of this agreement are boarded.

   j.  All amounts still outstanding upon the maturity date under this agreement will be due and owing in full on the maturity date.

   k.  Payments shall be made directly to Secured Creditor at **Seneca Mortgage Servicing, 611 Jamison Road, Elma, NY 14059** with reference to the complete loan number, where the last 4 digits are 3612, or as otherwise directed.

4.  Due to the cram down and recapitalization, the escrow account will begin at zero and the payments will reflect deposits for taxes and insurance plus any amounts needed to fund the escrow account going forward. The payment required under this

agreement does not include an escrow shortage payment. The escrow shortage will be calculated and added to the monthly payment once this agreement is boarded with the Secured Creditor and all permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount.

5. All other terms of the Mortgage and Note not directly altered by this agreement will remain in full force and effect.

6. The parties agree that if the Debtor fails to tender the mortgage payments to US Bank NA by their due date, then US Bank NA may seek relief from the automatic stay. If relief is granted, the agreed upon cram down amount listed above will be void and the total amount of the lien will be due and owing (minus any payments received by US Bank NA from the Chapter 13 Standing Trustee and the Debtor).

7. This Order shall be incorporated into and become part of any Order Confirming Plan in the herein matter.

The undersigned hereby consent to the form,
Content and entry of the within Order:

PHELAN HALLINAN DIAMOND & JONES, PC
Attorneys for Secured Creditor:
U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF OWS REMIC TRUST 2015-1

/attorneySignature/
/attorneyName/
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. /attorneyExt/
Fax: 856-813-5501
Email: /attorneyEmail/

ROBERT C NISENSON, Esquire
Attorney for debtor

Dated: _____

Dated: _____

## OFFICE OF THE STANDING CHAPTER 13 TRUSTEE

**Counsel**
Erik D. Collazo, Esq
David A. Martin, Esq

**ALBERT RUSSO**
STANDING CHAPTER 13 TRUSTEE
1 AAA Drive • Suite 101
Robbinsville • New Jersey 08691-1803
*Voice (609) 587-6888*
*Facsimile (609) 587-9676*
**www.russotrustee.com**

*Mailing Address:*
CN 4853
Trenton, NJ 08650

*For payments Only:*
PO Box 933
Memphis, TN 38101-0933

5/24/2018

Stern & Eisenberg, P.C.
1581 Main Street, Suite 200
Warrington, PA 18976
ATT: Nick Miller

RE: Douglas Walters - Chapter 13 Case No: 15-30707 KCF

Dear Mr. Miller:

We are in receipt of your recent email inquiring about the claim set up for Selene Finance, Court Claim #8-1. You may wish to review the following pleadings:

- Consent Order Doc #79 entered 10/21/16 referenced US Bank's (incorrectly identified in the order as claim #6-1) secured Proof of Claim filed 5/12/15 for a pre-petition arrearage of $60,380.89, and provided for a cram down value with a secured claim amount of $59,617.19 and an unsecured claim of $82,568.51. US Bank's Proof of Claim #8-1 was late filed.
- Consent Order Doc #86 entered 11/4/16 authorized the Trustee to pay the late filed claim #8-1, but incorrectly provided for payment of the arrearage in the amount of $60,380.89 instead of the secured cram amount of $59,617.19.
- The case was confirmed on 10/26/16 and at case set up, a secured claim was scheduled for payment in the cram amount of $59,617.19 per Order Doc #79 and Trustee disbursements commenced to the creditor on 12/1/16.
- Order Doc #128 was entered on 8/1/17 vacating the 11/4/16 order, reinstating terms of the 10/21/16 Order Doc #79, and providing for payments to the creditor outside of the plan.
- A modified plan was confirmed on 8/23/17 and the $59,617.19 secured cram claim was adjusted to the amount paid to date by the Trustee of $12,323.17. (See Trustee's Post Confirmation Notice of Distribution Docs #91 and #130.)

If this is not your understanding of how the consent orders and modified plan was to treat Claim #8-1 for Selene Finance, please advise this office immediately or file the appropriate pleadings with the Bankruptcy Court.

Very Truly Yours,
*Albert Russo*
Albert Russo, Standing Chapter 13 Trustee
AR/amt
Cc: Pro Se Debtor